Hickory House Nursing Home, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued June 6, 1985, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Richard B. Cappalli,* for petitioner.

*Carolyn B. McClain,* Assistant Counsel, with her, *Ruth M. Siegel,* Chief Counsel, for respondent, Department of Health.

*Jeanne Ward Ryan,* with her, *Jane Landes Foster, Stradley, Ronon, Stevens & Young,* for intervening respondent, Archdiocese of Philadelphia.

OPINION BY JUDGE MACPHAIL, August 14, 1985:

Hickory House Nursing Home, Inc. (Petitioner) appeals the decision of the State Health Facility Hearing Board (Board) which upheld the Department of Health's (Department) grant of a Certificate of Need (CON) to the Archdiocese of Philadelphia (Archdiocese) for the construction of a one hundred and fifty (150) bed nursing home in Chester County.

Petitioner, the Archdiocese and the Department entered into a Stipulation of Facts which we are accepting as our own for purposes of this decision. The Archdiocese filed an application for a CON with the Department and the Health Systems Agency of Southeastern Pennsylvania (HSA) on April 30, 1982. On May 25, 1982, HSA initiated its review of the application, and on June 30, 1982, HSA requested additional information. The HSA notified the Archdiocese of meetings in August which the Archdiocese was required to attend—the Chester County Advisory Board, the Plan Implementation Committee and the Executive Committee. The HSA has established a policy of notifying the public (excluding the applicant and other persons requested by the applicant) of hearings by

publishing notice thereof in the Philadelphia Inquirer's Legal Notice Section and in the HSA newsletter "Update"; the HSA does not have a policy of notifying anyone of any hearings by telephone. Notwithstanding these policies, the HSA did not publish prior notice of these meetings.

The Chester County Advisory Board meeting was held on August 6, 1982, and the Plan Implementation Committee meeting was held August 11, 1982. The Executive Committee hearing was cancelled because of an expected lack of quorum. "During the period when the project was under consideration by [the Department], no public hearings were conducted on that project." Stipulation of Fact #29. On August 31, 1982, the Secretary of Health (Secretary) disapproved of the application.

The Archdiocese appealed the Secretary's decision, and on February 11, 1983, the Board remanded consideration of the CON to the Department for the purpose of conducting a public hearing in accordance with the provisions of Sections 703 and 704 of the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, as amended, 35 P.S. §§448.703 and 448.704. The remand order provided that the public hearing could be conducted either by the Department or HSA, at the option of the Department. The Department determined that HSA should conduct the hearing.

The HSA scheduled the public hearing for May 13, 1983. The HSA published a notice of the hearing in the April 25, 1983 issue of the Philadelphia Inquirer; notice was not published in the "Update" newsletter. The HSA did not provide individual notice by mail to affected persons[1] of the public hearing as required by

[1] Petitioner is an "affected person" as that term is defined in Section 103 of the Act, 35 P.S. §448.103. Petitioner operates a private profit-making nursing home which would be in competition with the Archdiocese's proposed nursing home.

Section 703 of the Act. Petitioner was informed of the public hearing by telephone on or about May 9, 1983.

The public hearing was held as scheduled on May 13, 1983. At the outset, the parties agreed that the hearing would be deemed continued until such time as Monsignor McDonough, the Director of the Catholic Social Services, could testify. The parties also agreed that HSA would not have to publish public notice of the continued hearing date. At the May 13th hearing, Petitioner voiced its opposition to granting a CON to the Archdiocese by letter dated May 10, 1983 and through the testimony of Mr. David Stott, the Petitioner's Administrator. Many people testified in favor of the Archdiocese application.

At the continuation of the hearing, held on May 26, 1983, with no member of HSA in attendance, the testimony of Monsignor McDonough was received. Mr. John Nicholson, representing the Main Line Nursing Center in Paoli (Main Line) and Mr. John Stott, the Assistant Administrator of Petitioner, testified in opposition to granting the CON. Both Main Line and Petitioner were notified of the date of the continuation hearing by telephone.

On June 21, 1983, a meeting concerning the Archdiocese's application was held in Harrisburg, Pennsylvania. Both Petitioner and Main Line were informed of this meeting by telephone on June 20, 1983. In attendance were state legislators, Department representatives, supporters of the project, a member of the Plan Implementation Committee and an HSA employee. No representative of the Archdiocese or Petitioner attended.

On September 9, 1983, the Department's Director of Division of Need Review recommended that the Archdiocese's CON application be approved, and that

on that same date, the Secretary approved the application. A copy of the Secretary's approval letter and findings was forwarded to Petitioner.

Petitioner appealed this decision to the Board on October 10, 1983, alleging numerous procedural errors, particularly lack of notice of all 1982 proceedings, lack of mailed notice of all 1983 hearings, and a violation of due process caused by the June 21, 1983 "ex parte" meeting. Petitioner also alleged that there was not substantial evidence to support the Secretary's decision.

Petitioner agreed to have its procedural claims considered separate and apart from its substantive claims. Petitioner also agreed to have its procedural claims decided on the basis of the Stipulation of Facts and the record. On June 18, 1984, the Board decided against Petitioner on the procedural claims, finding: (1) because Petitioner failed to intervene in the Archdiocese's appeal and failed to request reconsideration of the Department hearing, Petitioner could not raise alleged procedural irregularities occurring prior to the remand; (2) as to events occurring subsequent to the remand, Petitioner had actual notice of the May 13, 1983 and May 26, 1983 hearings and participated extensively in those hearings; (3) the June 21, 1983 meeting did not violate the statutory prohibition against ex parte meetings because only those persons supporting the CON application were in attendance and (4) the Archdiocese application was approved under the regular review process.

A hearing limited to the question of whether the Secretary's decision was supported by substantial evidence was scheduled for September 11, 1984. The Board allowed Petitioner to call witnesses and present evidence as listed in its prehearing memorandum, subject to objection by the Archdiocese. At the hearing,

the Archdiocese objected to any testimony or exhibits that were prepared after the May 26, 1983 hearing. The Board sustained the objection. Assuming that it could not present evidence, Petitioner concluded its argument. On October 23, 1984, the Board held that the Secretary's decision was supported by substantial evidence and dismissed Petitioner's appeal.

Petitioner has appealed both orders of the Board to this Court. Petitioner presents five (5) issues for our review: (1) whether Petitioner waived its right to assert procedural irregularities by failing to intervene in the Archdiocese appeal; (2) whether Petitioner waived its right to assert procedural irregularities by failing to seek reconsideration of the Department's decision; (3) whether persons supporting the approval of a CON are "acting on behalf of the applicant" within the meaning of the Section 702(f)(2) of the Act, 35 P.S. §448.702(f)(2); (4) whether in fact the CON application was approved under the HSA's "Protocol on Exceptions" review process and (5) whether the Board committed legal error in not allowing Petitioner to present evidence at the September 11, 1984 hearing.

Because we have decided that the June 21, 1983 meeting was a prohibited ex parte meeting within the meaning of the statute, we need not address Petitioner's remaining issues.

Section 702(f)(2) of the Act, 35 P.S. §448.702 (f)(2) provides that:

All decisions of the department shall be based solely on the record. No ex parte contact regarding the application between any employee of the department who exercises responsibilities respecting the application and the applicant, any person acting on behalf of the applicant or any person opposed to the issuance of

the certificate of need shall occur after the commencement of a hearing on the application and before a decision is made by the department. The parties have stipulated that the meeting on June 21 was attended by state legislators, Department representatives an HSA representative, and supporters of the Archdiocese's application.[2] The Board held that the Act does not prohibit meetings between the Department and persons supporting a CON application and that only meetings between the Department and the applicant, the Department and those acting on behalf of the applicant, and meetings between the Department and persons *opposed* to the project are prohibited.

To read the statute as narrowly as the Board has would circumvent the obvious intention of Section 702 (f)(2) to prevent *any* outside influence from bearing upon the Secretary's decision. *See Rehab Hospital Services Corp. v. Health Systems Agency of Southwestern Pennsylvania*, 82 Pa. Commonwealth Ct. 147, 475 A.2d 883 (1984). There is no record of what transpired at the June 21, 1983 meeting or what its purpose was. There is no way for this Court to determine whether additional arguments or information were presented. If such arguments or information were offered, it seems apparent from the stipulation stating who was in attendance that such matters would have been in the Archdiocese's favor.

Our concern is with the Petitioner's right to a fair decision and a decision based only on the record. In our view, the ex parte meeting tainted the Secretary's

[2] Petitioner's brief states that the Secretary was among the Department's representatives. The stipulation states that the meeting was attended by a Mr. McMorrow. It is also stipulated that Mr. McMorrow was an employee of HSA and participated in the public hearing conducted by HSA.

decision. The fact that neither the Petitioner nor the Archdiocese attended this meeting does not remove the taint, although it is to their credit that they chose not to attend. The fact that none of the persons at the meeting were there at the request of the Archdiocese does not negate the fact that there was ex parte contact.

The ex parte meeting makes it impossible for us to determine whether the Secretary based his decision only on the records made at the May 13, 1983 and May 26, 1983 hearings. Therefore, we must reverse the order of the Board and remand to that Board for proceedings which strictly comply with the provisions of the Act.[3] We realize that the effect of our order is to penalize the Archdiocese for an error not of its own making. On the other hand, we are confident that there is no assurance the Secretary can give which will satisfy the Petitioner that the Department's decision was not influenced by what transpired at the June 21, 1983 meeting.

### Order

The order of the State Health Facility Hearing Board, dated June 18, 1984, is reversed. The order of the State Health Facility Board, dated October 23, 1984, is vacated and the record is remanded for proceedings consistent with the provisions of the Health Care Facilities Act.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.

---

[3] Petitioner specifically alleges that it did not receive notice of the public hearings by mail as it was entitled to under Section 703 of the Act, 35 P.S. §448.703. We must caution the Board to ensure that all statutory requirements are complied with in future proceedings.