**METROPOLITAN HOSPITAL, et al.**

v.

**Honorable Richard L. THORNBURGH et al.**

**Civ. A. No. 86–7076.**

United States District Court, E.D. Pennsylvania.

June 11, 1987.

Paul R. Rosen, Niels Korup, Spector, Cohen, Gadon & Rosen, P.C., Philadelphia, Pa., Robert M. Silverman, Wynnewood, Pa., for plaintiffs.

Helen P. Pudlin, David L. Cohen, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Pennsylvania Hosp. and Medical Staff of Pennsylvania Hosp.

Christopher K. Walters, Douglas Y. Christian, Reed, Smith, Shaw & McClay, Philadelphia, Pa., for Episcopal Hosp., Gerardo Vochi, M.D., Vidya S. Banka, M.D. and Peter Figueroa, M.D.

Jan P. Levin, Richard L. Berkman, Dechert Price and Rhoads, Philadelphia, Pa., for Albert Einstein Medical Center, Medical Staff and Susan A. Bernini.

Edward C. Mengel, Jr., Allan H. Starr, Sheila S. Gallucci, White & Williams, Philadelphia, Pa., for Graduate Hosp., Medical Staff and Beverly M. Slavic.

Julia E. Gabis, Hahnemann University, Stephen W. Armstrong, Ralph W. Brenner, Elizabeth A. Read, Philadelphia, Pa., for Hahnemann Hosp., Medical Staff of Hahnemann University, Bertram Brown, M.D., Eldred D. Mundth, M.D., Inder Goel, M.D., Israel Zwerling, M.D. and Louis C. Mills, M.D.

Geoffrey L. Beauchamp, James J. Garrity, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, Pa., for Health Sys-

tems Agency of Southeastern Pennsylvania, Inc., Roseann Siegel, Dermott F. McMorrow, Gerald R. Gill, Steven Becker and Raymond Groller.

Maria Parisi Vickers, Sr. Deputy Atty. Gen., Office of Atty. Gen., Philadelphia, Pa., for Richard L. Thornburgh, H. Arnold Muller, Jennifer Riseon and Robert Pavlich.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In June, 1983, Metropolitan Hospital, an osteopathic hospital, applied to the Pennsylvania Department of Health ("DOH") and the Health Systems Agency of Southeastern Pennsylvania, Inc. ("HSA"), a non-profit corporation created pursuant to federal law, for a certificate of need ("CON") to provide cardiac catheterization and open heart surgical services. 42 U.S.C. § 300 1–1.[1] Approval of a CON application is governed exclusively by the criteria set forth in 35 Pa.Stat.Ann. § 448.707 (Purdon Supp.1986). The HSA processed Metropolitan's application and its board of directors recommended disapproval. Subsequently, the DOH disapproved the application. Metropolitan appealed this decision to the State Health Facility Board, an administrative hearing board within the Pennsylvania Department of Justice. On December 15, 1985, the board affirmed the administrative decision. On January 16, 1986, Metropolitan appealed the denial of its application to the Pennsylvania Commonwealth Court. Id. at § 448.507. This appeal is still pending.[2]

Metropolitan, two osteopathic physicians, and EHI, a medical services corporation, brought this suit against several allopathic hospitals and members of their staffs, the HSA and members of its staff, and several state officials. In counts I, II, IV, and V, plaintiffs Metropolitan and EHI allege defendants violated civil rights law, federal-antitrust law, and state law in connection with the denial of Metropolitan's application for a CON to provide cardiac catheterization and open heart surgical services. In counts I, II, and IV, they seek damages as well as a declaration and order that the CON be issued to Metropolitan. In count III, plaintiff-physicians allege that several of the defendant-hospitals denied them staff privileges in violation of section 1 of the Sherman Act. They seek to restrain this unlawful conduct, and treble damages.

Defendants now move to dismiss or, in the alternative, to stay the action pending a final state decision. For the reasons that follow, I will abstain from ruling on plaintiffs' request for equitable relief on count I and stay all action on plaintiffs' claims on counts II, IV, and V, and their claim for damages on Count I, pending completion of state proceedings. In addition, I will remove the temporary stay on discovery with respect to count III.

Plaintiffs Metropolitan and EHI allege defendants conspired to deny Metropolitan's CON application in violation of their constitutional rights and federal antitrust law. Specifically, they assert that defendant hospitals and their staffs submitted false information that was purportedly relied upon during the administrative process with knowledge of its falsity. Because they were based on false information, the administrative decisions were pretextual and in derogation of the statutory criteria. Plaintiffs also allege that defendants failed to consider properly the need for osteopathic services as required by the NHPRDA and the Health Care Facilities Act ("HCFA"), 35 Pa.Stat.Ann. § 448.101–448.-

1. In the National Health Planning and Resources Development Act of 1974 ("NHPRDA"), 42 U.S.C. §§ 300k–1 et seq. (repealed by Pub.L. 99–660, Title VII, § 701(a), 100 Stat. 3799, effective January 1, 1987), Congress established the certificate of need program as a joint federal-state effort designed to curb the costs of medical care. See id. at § 300k–1. Under the NHPRDA, the state has sole responsibility for enforcement of the CON program. See Women's Community Health Center v. Texas Health Facilities Commis-

sion, 685 F.2d 974 (5th Cir.1982). In Pennsylvania, the NHPRDA is supplemented by the Health Care Facilities Act ("HCFA"), 35 Pa.Stat.Ann. §§ 448.101–448.904 (Purdon Supp.1986). See also 28 Pa.Code §§ 401.1–401.6 (1986).

2. The commonwealth court heard oral argument on Metropolitan's appeal on December 9, 1986, five days after this suit was filed.

904 (Purdon Supp.1986). Plaintiffs assert that the state defendants furthered the conspiracy by intervening on behalf of Pennsylvania Hospital's request for a CON which was approved by the DOH subsequent to the denial of Metropolitan's application.

In a line of cases beginning with *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court has held that a federal court should not enjoin certain pending state proceedings absent extraordinary circumstances so long as the state system affords the opportunity to pursue federal claims. *Younger* abstention is based on the notion of comity and federalism as well as avoidance of "unwarranted determination of federal constitutional questions." *Pennzoil Co. v. Texaco, Inc.,* — U.S. —, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). *See also Ohio Civil Rights Commission v. Dayton Christian Schools,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

■ Under *Younger* and its progeny, abstention is appropriate if three conditions are satisfied. First, there must be an ongoing state judicial proceeding. Second, the state proceeding must implicate important state interests. Third, there must be an "adequate opportunity" in the state proceedings to raise federal constitutional challenges. *See Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Here, Metropolitan's appeal to the commonwealth court clearly satisfies the first requirement. Metropolitan argues, however, that the last two elements are not satisfied.

### A. State Interest

■ The Third Circuit has consistently held that a state's interest is not sufficient for *Younger* abstention where the state proceeding is initiated by a private litigant. *See, e.g., Harris v. Pernsley,* 755 F.2d 338 (3d Cir.), *cert. denied,* 474 U.S. 965, 106

S.Ct. 331, 88 L.Ed.2d 314 (1985). *But see Tunstall v. Office of Judicial Support of the Court of Common Pleas,* 820 F.2d 631, 632 n. 1 (3d Cir.1987) (questioning this rule in light of *Pennzoil* ). In *Pennzoil,* however, the state judicial action was between two private litigants. There, the Supreme Court held that *Younger* abstention is appropriate not only when criminal or quasi-criminal proceedings are pending, "but also when certain civil proceedings are so important that exercise of the federal judicial power would disregard the comity between the States and National Government." *Pennzoil,* 107 S.Ct. at 1526. *See also Middlesex,* 457 U.S. at 433 n. 12, 102 S.Ct. at 2522 n. 12. The critical inquiry under *Pennzoil* is not the identity of the moving party in the state proceeding, but the importance of the state's interest in that proceeding and the challenged action. Here, the Commonwealth clearly has an important interest in the state proceedings.

The express purpose of the HCFA is to establish an "orderly and economical distribution of health care resources" through governmental involvement to ensure a "sound health care system which provides for quality care at appropriate health care facilities throughout the Commonwealth." 35 Pa.Stat.Ann. § 448.102 (Purdon Supp. 1986). The NHPRDA and the HCFA were enacted to control the escalating costs of medical care throughout Pennsylvania and the nation. To effectuate its goals, the Commonwealth, in conjunction with federal law, established a detailed criteria governing CON applications and a multi-step state administrative process reviewable by state courts. *See also* 42 U.S.C. § 300n–1(b)(12)(E) (repealed) (providing for review of adverse decision in an "appropriate State court").

The Fifth Circuit has concluded that a state's interest in its health-care services program created pursuant to the NHPRDA is an interest sufficient to warrant *Younger* abstention.[3] *Women's Community Health Center v. Texas Health Facilities*

**3.** In *Women's Community Health Center,* plaintiff attempted to enjoin the state from enforcing its CON program. Here, Metropolitan is attempting to enjoin a denial of its CON application. Despite the obvious differences between these two state procedures, the state interest, regulation of health-care services, is identical.

*Commission,* 685 F.2d 974 (5th Cir.1982). As noted by the Fifth Circuit, a state's interest in such a program is no less important than other state interests that are sufficient for *Younger* abstention.[4] *See, e.g., Pennzoil,* 107 S.Ct. at 1527 (state interest in protecting the authority of its judicial system); *Middlesex,* 457 U.S. at 434, 102 S.Ct. at 2522 ("interest in maintaining and assuring the professional conduct of the attorneys it licenses.")

The Fifth Circuit also concluded that the state's interest was significant even though the NHPRDA created a joint federal-state program. 685 F.2d at 980. Under the NHPRDA, the state has the central role in the administration and the sole role in enforcement of its CON program. The state's detailed regulatory scheme and its strong interest in curbing medical costs while at the same time assuring a high quality of medical care evinces an important state interest in the underlying state judicial proceeding.

### B. Opportunity to Raise Constitutional Challenges

■ The other consideration under *Younger* is whether Metropolitan has had an adequate opportunity to raise its federal constitutional challenges in the state proceedings. Plaintiff bears the burden of showing that " 'state procedural law barred presentation of [its] claims.' " *Pennzoil,* 107 S.Ct. at 1528 (quoting *Moore v. Sims,* 442 U.S. 415, 432, 99 S.Ct. 2371, 2382, 60 L.Ed.2d 994 (1978)). Plaintiffs can not satisfy this standard.

Administrative decisions are reviewable by the Pennsylvania Commonwealth Court which can overturn or vacate the administrative decision if:

    1. It is in violation of appellant's federal or state constitutional rights;

    2. It is not in accordance with law; or

    3. It is based on findings of fact that are not supported by substantial evidence. 2 Pa.Cons.Stat.Ann. § 704 (Pur-

don Supp.1986). Clearly, plaintiffs were not barred from raising their constitutional challenges.

Plaintiffs nevertheless contend that they were unable to litigate their federal constitutional claims fully because review was limited to the record developed before the HSA and because a significant event occurred subsequent to the final administrative decision. An "adequate opportunity" for purposes of *Younger* does not require that the state proceedings offer the same opportunities as a federal proceeding. *See Williams v. Red Bank Board of Education,* 660 F.2d 1008, 1021 (3d Cir.1981). Here, plaintiffs had ample time and opportunity to raise any additional constitutional claims in state court.

Plaintiffs first argue they were precluded from presenting evidence that defendant hospitals and their staffs supplied false information that was knowingly relied upon throughout the administrative process. This argument, however, ignores the clear language of the statute.

When an application is before the DOH, the department can remand it to the HSA or order a hearing for good cause shown. "Good cause" includes:

    1. significant new evidence;

    2. significant change in factors or circumstances;

    3. material failure to comply with procedures of the act; or

    4. a determination that good cause exists for some other reason.

35 Pa.Stat.Ann. § 448.705 (Purdon Supp. 1986). Moreover, the State Health Facility Hearing Board is authorized to subpoena witnesses and documents and receive additional evidence if appellant was not able, by the exercise of due diligence, to submit the evidence to the HSA or the DOH. *See id.* at §§ 448.505, 448.506. Finally, on appeal, the commonwealth court can consider questions not raised during the administrative proceeding upon "due cause shown." 2 Pa.Cons.Stat.Ann. § 703 (Purdon Supp.

---

**4.** During oral argument, defendants urged that under *Pennzoil,* the Commonwealth's interest in protecting the authority of its judicial system alone was a sufficient state interest. While this interest is present in this case, the state's interest in regulation of its health-care program is paramount.

1986). *See also Hickory House Nursing Home, Inc. v. Commonwealth*, 91 Pa. Commw. 129, 496 A.2d 921 (1985) (remand available if a deficiency exists in the administrative process). Clearly, plaintiffs had ample opportunity to present these allegations.

Secondly, plaintiffs claim they were unable to raise the argument in the state proceedings that approval of defendant Pennsylvania Hospital's application was done in furtherance of the conspiracy to violate their constitutional rights. Metropolitan filed its appeal with the commonwealth court on January 16, 1986. On January 24, 1986, the DOH approved Pennsylvania Hospital's CON application. Oral argument was not heard on Metropolitan's appeal until December 9, 1986. Metropolitan could have requested review of this additional allegation for "due cause shown" or sought a remand. More importantly, Metropolitan in fact made this argument before the commonwealth court. In its appellate brief, Metropolitan argued

"When compared to allopathic applicants for certificates of need for cardiac services, it can scarcely be disputed that Metropolitan has been subjected to disparate treatment at the hands of the Department. The recent approval by the Department [DOH] of Pennsylvania Hospital's application ... stands in stark contrast to the Department's refusal to accord any meaningful consideration to Metropolitan's substantial arguments...."

Brief for Appellant, No. 145 C.D. 1986 at 26

(attached as exhibit A to defendant Pennsylvania Hospital's reply memorandum). In addition, Metropolitan couched these claims in constitutional terms, contending it had been deprived of its rights to due process and equal protection of the laws in violation of the fourteenth amendment. *Id.* at 37.

5. Defendants contend that the doctors' claim is intertwined with the denial of Metropolitan's CON application, pointing to paragraph 68 of the complaint which avers that the antitrust conspiracy was furthered by the denial of privileges and other discrimination against qualified osteopathic specialists. While the denial of staff

■ EHI and Drs. Silverman and Tabaie claim that abstention is improper since they were not parties to the administrative proceedings nor to the pending appeal. Where, however, the claims of the parties are inextricably intertwined, *Younger* abstention applies to all. *See Women's Community Health Center*, 685 F.2d at 981–82.

■ In its complaint, EHI alleges harm because it has contracted to furnish catheterization and open heart services to Metropolitan, but Metropolitan has not been approved to provide these services. Obviously, EHI's claims are completely derivative of Metropolitan's claims arising from the denial of its application. Thus, *Younger* abstention applies with equal force to EHI.

Plaintiff-physicians, however, present a different situation. In count III, Drs. Silverman and Tabaie allege that defendant hospitals, Hahnemann, Episcopal, Einstein, and their staffs, denied them staff privileges in violation of section 1 of the Sherman Act. Metropolitan and EHI allege in count II that defendants conspired to restrain trade and to preclude Metropolitan and EHI from performing cardiac catheterization and surgery. Count III is separate and distinct from the other counts that allege improper denial of Metropolitan's CON application.[5] The addition of an unrelated claim, however, does not affect my conclusion that abstention is proper as to count I. Instead, I will lift the stay on discovery to the limited extent that it relates to count III.

■ Plaintiffs also contend that abstention is inapplicable to their antitrust claims. I agree. *Younger* abstention is premised on the theory that federal courts shall not interfere in certain state judicial proceedings where the state system "affords the opportunity to prove federal claims within it." *Juidice v. Vail*, 430 U.S. 327, 335, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977).

privileges is a component of the alleged antitrust conspiracy in count II, it does not necessarily follow that the denial of privileges is intertwined with the denial of the CON application. In addition, the pending state proceedings have no bearing on the charges in count III.

*See also Williams v. Red Bank*, 662 F.2d at 1017 (*Younger* abstention is appropriate "where the proceedings are adequate to vindicate federal claims"). State courts, however, have no jurisdiction over federal antitrust claims. Consequently, plaintiffs could not raise these claims before the commonwealth court.

Defendants argue that abstention is appropriate because the antitrust claims are premised on the same allegations that support the constitutional claims. While the allegations may be similar, the causes of action are separate and distinct. It does not follow, nor have defendants provided any authority for the proposition that the opportunity to present antitrust claims in federal court is waived by presenting in a state judicial proceeding constitutional claims arguably arising from the same conduct. *See also Monaghan v. Deakins*, 798 F.2d 632, 637 (3d Cir.1986) ("*Younger* abstention is appropriate only when there is pending a proceeding in which a state court will have the authority to *ajudicate* the merits of a federal plaintiff's federal claims."), *cert. granted*, — U.S. —, 107 S.Ct. 946, 93 L.Ed.2d 996 (1987).

Defendants also argue that abstention is proper under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1942). *Burford* abstention is appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); *see also United ed Services Auto. Ass'n v. Muir*, 792 F.2d 356 (3d Cir.1986), *cert. denied sub. nom.*, *Grode v. United Services Auto. Ass'n*, — U.S. —, 107 S.Ct. 875, 93 L.Ed.2d 830 (1987). Here, plaintiffs allege a conspiracy to monopolize and restrain trade among private hospitals, the HSA, and the state defendants in contravention of the state regulatory scheme. These claims do not raise difficult state law questions nor would review be disruptive of state efforts to establish a health-services policy. Unlike *Burford*, where a federal court was called on to determine the reasonableness of a state agency decision, Metropolitan and EHI allege the state administrative process was not followed because of an unlawful antitrust conspiracy. For these reasons, I will not abstain from hearing plaintiffs' requests for declaratory and injunctive relief on their antitrust claims.

Alternatively, defendants contend that I should stay adjudication of the antitrust claims based on the prior resort doctrines of administrative law. *See Huron Valley Hospital, Inc. v. City of Pontiac*, 466 F.Supp. 1301 (E.D.Mich.1979), *vacated on other grounds*, 666 F.2d 1029 (6th Cir. 1981). While I agree with plaintiffs that abstention is not warranted, I also agree with defendants that action should be stayed until all state proceedings are completed.

Plaintiffs request for injunctive relief is presently before the Pennsylvania Commonwealth Court which may find for Metropolitan thus making federal intervention unnecessary. Both the NHPRDA and HFCA provide for state court review of agency decisions; it would be unwise to interfere before the commonwealth court has had this opportunity.

Moreover, for the reasons expressed by the Sixth Circuit, it would be imprudent to assess the nature and extent of any antitrust injury prior to completion of the state process. *Huron Valley*, 666 F.2d at 1034–35. For example, plaintiffs allege that defendants did not consider the anti-competitive effects on osteopaths and osteopathic services caused by the denial of Metropolitan's application. Obviously, a decision by the commonwealth court on the weight to be given to osteopathic needs under the HCFA would be a material aid in resolution of this issue. *See Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973). Thus, because many of the same issues raised here are also before the commonwealth court, I will stay action on counts II, IV, and V until completion of the state proceedings.

Since abstention is warranted as to count I, I will dismiss plaintiffs' claims to enjoin

state proceedings and their request for an order directing the Commonwealth to approve their CON application on the ground that their constitutional rights were violated. With respect to Counts II, IV, and V and plaintiffs' claims for damages on count I, I will stay the proceedings, including consideration of defendants' motions to dismiss, until conclusion of the state proceedings. *See Monaghan v. Deakins*, 798 F.2d at 635. I will also lift the stay on discovery only as it relates to count III.

An order follows.