550 A.2d 857

Francis M. Powers, Jr., M.D. and Cancer Treatment Associates, P.C., a Pennsylvania Professional Corporation, Petitioners *v.* Commonwealth of Pennsylvania, Department of Health et al., Respondents.

Argued April 21, 1988, before Judges DOYLE, BARRY and MCGINLEY, sitting as a panel of three.

*Allen E. Ertel*, with him, *Pamela L. Shipman, Reed, Smith, Shaw & McClay*, for petitioners.

*Darius G. C. Moss*, Assistant Counsel, for respondent, Department of Health.

*H. Lee Roussel*, with him, *Alan R. Boynton, Jr., McNees, Wallace & Nurick*, for respondent, Robert M. McNair, Jr.

*Seymour J. Schafer, Markel, Schafer & Means, P.C.*, for respondents, North Central Health Services Corporation et al.

*J. David Smith, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht*, for respondents, The Williamsport Hospital and Donald R. Creamer.

OPINION BY JUDGE DOYLE, November 25, 1988:

Before us for our consideration are preliminary objections and, alternatively, motions to quash which were filed in response to a petition for review filed by Francis M. Powers, Jr., M.D. and Cancer Treatment Associates, P.C. (collectively Petitioners). Petitioners' petition contains three counts; the first is addressed to our original jurisdiction and seeks declaratory and injunctive relief; the second is addressed to our appellate jurisdiction and seeks review of a determination of the Department of Health (Department) and the third is ancillary to count one and seeks declaratory and injunctive relief.

Petitioners have alleged that Cancer Treatment Associates (CTA) operates a cancer treatment facility in Williamsport, Pennsylvania; that Dr. Powers is a physician specializing in cancer treatment, and that he practices in the Williamsport area. He is also the president and principal shareholder in CTA. It is further alleged

that on August 4, 1986 the North Central Health Services Corporation (NCHS), a respondent in this case, sent a letter of intent to the Department in which it set forth a proposal to operate a program of out-patient therapy for cancer patients. The letter sought a preliminary determination from the Department that NCHS' proposed program would not require review under the certificate of need (CON) process as established by the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §§448.101-448.904. According to Petitioners' petition the proposed cancer treatment center will provide the same type of medical services as does CTA. Petitioners aver that the program proposed by NCHS is undertaken by or on behalf of Williamsport Hospital, another respondent herein. NCHS allegedly will operate its cancer treatment center at space leased from Williamsport Hospital. Petitioners further allege that Williamsport Hospital has advanced substantial sums to NCHS to finance various costs associated with this project. Further, they contend that Donald Creamer, President of Williamsport Hospital, has participated in the solicitation and selection of employees for the proposed cancer treatment center; that employees of Williamsport Hospital have been and will be available to lend assistance to NCHS; that Williamsport Hospital will exercise significant control over NCHS; and that development of the cancer program will benefit the Williamsport Hospital.

On September 17, 1986 the Department issued a determination of "nonreviewability" in which it informed NCHS, in response to its August 4, 1986 letter of inquiry, that NCHS was not required to file an application for a CON. Petitioners allege that the Department made its determination of nonreviewability prior to consulting with the appropriate health systems agency and that such procedure is contrary to the Act and

Department regulations. Further, Petitioners contend that the Department made its determination based solely upon the letter of intent sent by one Robert McNair, Esquire, an individual respondent and allegedly the incorporator of NCHS. Petitioners further contend that the Department did not provide Petitioners or any other persons with the opportunity to comment upon the letter or present evidence pertaining to its content; that the Department did not provide Petitioners or other "affected persons" with notice of its determination of nonreviewability; and, that the Department's ultimate determination of nonreviewability was contrary to law.

Petitioners maintain that the determination of nonreviewability will injure Petitioners' business, adversely affect the quality and cost of medical care and will result in unnecessary duplication of services. Petitioners further contend that the Department's failure to give them notice and an opportunity to be heard prior to issuing the determination of nonreviewability violated their constitutional rights as well as their rights under the Act and Sections 501-508 and 701-704 of the Administrative Agency Law, 2 Pa. C. S. §§501-508, 701-704. Finally, they also maintain that the decision of nonreviewability was incorrect. Therefore, they ask this Court to declare the Department's determination to be invalid and to enjoin all the respondents from taking any further action with respect to the program.

In count two Petitioners seek review of the Department's determination alleging that it is a reviewable adjudication and request a remand so that they may gain a hearing. They also seek an injunction preventing Respondents from further implementing the program.

In count three Petitioners aver that the various Respondents conspired to prevent the Department from knowing the true facts underlying, *inter alia,* the formation of NCHS, its funding, and its operations. Specifi-

cally, Petitioners contend that NCHS board members have appeared to act in such a way so as to give the impression that NCHS is independent of Williamsport Hospital when, according to Petitioners, it is not. Further, Petitioners allege that certain statements made by McNair in his letter of intent were "incorrect." These inaccuracies include statements concerning the proposed composition of the board of directors of NCHS; statements implying that the facility would be located elsewhere than at Williamsport Hospital facilities; statements implying that no health care facility would have significant involvement in the financing of start-up costs; statements concerning the solicitation and hiring of employees; and statements which imply that no health care facility would exercise control over NCHS. The petition also avers that McNair had NCHS' board of directors ratify his acts "which acts were at the behest of Williamsport Hospital and were contrary to the letter being sent to the Department of Health by incorporator Robert McNair." Petitioners believe these facts to be significant because pursuant to Section 701(a)(2) of the Act, 35 P.S. §448.701(a)(2), a CON is needed for "[a]ny expenditure by *or on behalf of* a health care facility or health maintenance organization in excess of $150,000 . . ." (emphasis added). Thus, Petitioners posit that sums spent were, in reality, on behalf of Williamsport Hospital. Again, the relief sought is a declaration that the Department's determination is invalid, a remand for a hearing, and an injunction.

The various Respondents have filed numerous preliminary objections to those counts pertaining to our original jurisdiction, and motions to quash as to count two pertaining to our appellate jurisdiction.[1]

---

[1] The preliminary objections include objections as to standing, subject matter jurisdiction over the various individual respondents and Williamsport Hospital, various motions to strike, various de-

We begin by considering the preliminary objection relating to standing. Petitioners in their pleading seek to characterize themselves as business competitors of NCHS. This allegation is, however, disputed and Respondents contend that it is Divine Providence Hospital, the hospital with whom Petitioners are associated, that is actually a competitor of NCHS. It is, however, well-settled that when ruling upon preliminary objections a court is limited to a review of the allegations set forth in the challenged pleading. *Bradford County Citizens in Action Appeal*, 64 Pa. Commonwealth Ct. 349, 439 A.2d 1346 (1982), and that preliminary objections admit as true all facts which are well pleaded and all inferences reasonably deducible therefrom. *Department of Transportation v. Pennsylvania Power & Light Co.*, 34 Pa. Commonwealth Ct. 594, 383 A.2d 1314 (1978). Therefore, we shall assume for purposes of this preliminary objection that Petitioners are business competitiors and proceed to determine whether a competitor has standing under the Act to challenge another's determination of nonreviewability on the basis that the determination was rendered without affording the rival notice and an opportunity to be heard on the matter.

Petitioners argue that Sections 703 and 103 of the Act, 35 P.S. §§448.703, 448.103 grant them standing. Section 703, *which pertains to applications for certificates of need*, and requires that all "affected persons" be notified of the review of such application, gives "directly affected persons" the right to file objections to the application and if they do so they are afforded party status. Further, "affected persons" may request a public hear-

---

murrers, lack of capacity to sue, pendency of prior action, laches, and failure to exhaust administrative remedies. The applicability of the doctrine of primary jurisdiction is also raised. The motions to quash are filed on the basis of, *inter alia,* timeliness, standing and failure to state a cause of action.

ing where they may, *inter alia,* be represented by counsel and present evidence. "Affected person" is defined in Section 103 as follows:

A person whose proposal is being reviewed for purposes of certificate of need, the health systems agency for the health service area in which the proposed new institutional health service is to be offered or developed, health systems agencies serving contiguous health service areas, health care facilities and health maintenance organizations located in the health service area which provide institutional health services, and those members of the public who are to be served by the proposed new institutional health services and those agencies, if any, which establish rates for health care facilities and health maintenance organizations located in the health systems area in which the proposed new institutional health service is to be offered or developed.

"Persons directly affected" is defined in Section 103 as:

A person whose proposal for certificate of need is being reviewed, members of the public who are to be served by the proposed new institutional health services, health care facilities and health maintenance organizations located in the health service area in which the service is proposed to be offered or developed which provide services similar to the proposed services under review, and health care facilities and health maintenance organizations which prior to receipt by the agency of the proposal being reviewed have formally indicated an intention to provide such similar service in the future and those agencies, if any, which establish rates for health care facilities and health maintenance organizations located in

the health systems area in which the proposed new institutional health service is to be offered or developed.

Before proceeding any further we believe that it is imperative to distinguish between *applications for CONs* which by statute expressly establish certain due process rights with respect to "affected persons" and *determinations of nonreviewability* which are, in essence, preliminary determinations as to whether a CON is needed. Although the Act does not specifically provide for a hearing prior to the issuance of a determination of nonreviewability, this Court has recently held that such a determination is an adjudication within the intendment of Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, and, accordingly, that an evidentiary hearing is required. *Southern Chester County Medical Center v. Department of Health,* 90 Pa. Commonwealth Ct. 284, 494 A.2d 885 (1985).

In *Southern Chester* the relevant health systems agency appealed a determination of nonreviewability to the State Health Facility Hearing Board. This Court concluded that an appeal to that Board was improper as it was not provided for by statute, but that an appeal to the Department and ultimately to this Court (in our appellate jurisdiction), would lie. Significantly, for our purposes, the Court held that a *health systems agency* had standing to appeal the matter, citing as the basis for this conclusion the health system agency's statutory duties and responsibilities in the administration of health services.

Specifically, in *Southern Chester* the Court found that the health systems agency had standing to appeal a determination of nonreviewability under Section 506 of the Act, 35 P.S. §448.506, which allows a right of appeal on a CON application or amendment to the health systems agency or a party. Thus, we relied upon the

provisions of the Act dealing with CONs to find a right of appeal as to a determination of nonreviewability. We must consider whether *Southern Chester* should be extended to give Petitioners in the case now before us standing to appeal such a determination. We believe it should not. Our resolution of this issue turns upon the fact that if we extend standing to Petitioners then we must also hold that they are entitled to notice of the letter of intent along with other aggrieved persons and we find nothing in the statutory scheme which provides for such notice to be effected. In this case there is not even any indication that the letter of intent was sent to the relevant health systems agency although the Department copied that agency in its answer to the letter. Because there are no provisions in the Act requiring notice of the preliminary inquiry to competitors and other members of the general public, we must conclude that the legislature did not wish to confer upon them the rights to challenge the preliminary inquiry. Merely because the Department has set up the system permitting a preliminary inquiry which it internally considers, *see* 28 Pa. Code §401.5(a)(2), it does not mean that others foreign to the inquiry have rights to challenge its basis.

We also believe that it would be erroneous to grant Petitioners standing because NCHS was never required to seek any determination at all of nonreviewability. The Act requires only that if the facility falls within the statutory criteria for a CON it is obligated to go through the CON review process. Thus, *if* the facility is unsure whether it requires a CON, it may, by letter, seek a determination on this point. That is exactly what occurred here. And, with respect to a private third party, a determination as to nonreviewability may be viewed as analogous to a private letter ruling from the Internal Revenue Service in a tax matter. Such ruling gives no rights to a third party who has not sought the advice. In

summary, because NCHS was not *required* to seek this advice, we fail to comprehend how its having done so could give rise to a private third party's rights to a hearing.

Further, we think that granting a competitor standing in this instance where there is absolutely no statutory support for doing so would be contrary to the clear language of Section 202 of the Act, 35 P.S. §448.202, which provides that the Department and the health systems agencies "shall in their planning and review activities foster competition . . .".[2] Again, this situation is to be distinguished from a situation where a competitor seeks to participate in a public hearing pertaining to the grant or denial of a CON. *See, e.g., Hickory House Nursing Home, Inc. v. Department of Health,* 91 Pa. Commonwealth Ct. 129, 496 A.2d 921 (1985). Accordingly, having concluded that Petitioners lack standing to challenge the Department's actions, we must sustain the preliminary objection pertaining to standing and in the alternative grant the motion to quash on that same basis.[3]

---

[2] *Accord Rehab Hospital Services Corp. v. Health Systems Agency of Southwestern Pennsylvania,* 82 Pa. Commonwealth Ct. 147, 475 A.2d 883 (1984) (recognizing the U.S. Congressional intent to encourage competition in the federal act); *Community Psychiatric Centers of Oregon, Inc. v. Grant,* 664 F.2d 1148 (9th Cir. 1981) (under federal act there is no private cause of action by a competitor to challenge a rival from proceeding to offer new services without a CON). The *Community Psychiatric* court wrote, "congress was not concerned with the harm that a competitor might suffer by the entry of a new provider into the market where there was no actual need for its services." *Id.* at 1151. We note that the federal act has been repealed insofar as it created health systems agencies and the CON review process. *See* 42 U.S.C. §§300k-1 through 300n-6 repealed by Section 701(a) of the Act of November 14, 1986, Pub. L. 99-660, 100 Stat. 3799.

[3] Our disposition makes it unnecessary to decide whether our jurisdiction is original or appellate. Further, it is now unnecessary

Although the result in this case may appear harsh, we hasten to add that another remedy is available to Petitioners. The Department's determination of nonreviewability was conditioned upon the facts being as stated in the letter of intent. Petitioners allege, in essence, that those facts are inaccurate. The Department is charged with the duty to enforce its Act and can bring an action in the name of the Commonwealth to enjoin any person who has violated it. *See* Section 712 of the Act, 35 P.S. §448.712. The record before us discloses that Petitioners have filed a formal complaint with the Department pursuant to 1 Pa. Code §35.9. That matter has been held in abeyance pending this action. The Department can and should now proceed with its investigation and determine if, in fact, a fraud was perpetrated upon it and whether its determination of nonreviewability could have been an error as a result of such alleged fraud and, whether a CON is in fact needed. We believe that this remedy is sufficient considering Petitioners' interest in this matter.[4]

---

to rule upon the other preliminary objections and motions. To the extent, however, that we need consider the question of whether any appeal to this Court is timely (such issue being subject matter jurisdictional) we believe that Petitioners alleged facts sufficient to entitle them to allow the case to proceed at least to the next preliminary objection in that they averred that they had no notice of the determination of nonreviewability at the time it occurred and that the Department had, in the course of repeated telephone conversations, advised them that it was continuing to investigate the matter, and that the Department delayed in advising Petitioners they had no right to request reconsideration of the determination.

[4] The Department for purposes of its preliminary objections maintains that even if the facts were as Petitioners allege NCHS would still not require a CON (citing a policy pronouncement it follows). That may or may not ultimately be true, but we believe, nonetheless, that it is wise to permit the Department to consider its policy in light of these allegations. After all, it is entirely possible that it may decide to alter its policy.

## ORDER

NOW, November 25, 1988, the preliminary objection in the above-captioned matter relating to standing is hereby sustained. In the alternative the motion to quash on the basis of lack of standing is hereby sustained. Accordingly, the petition in the above-captioned matter is dismissed.

This decision was reached prior to the resignation of Judge MACPHAIL.