**Krugh v. Laurich**

*Fred H. Hait,* for plaintiffs.
*Jan G. Sulcove,* for defendant.

KAYE, *J.,* February 11, 1991—Eugene W. Krugh Jr. and his wife Cynthia Krugh, have filed an action against Laurich Co. Inc., for breach of implied warranties of good workmanship and habitability in the construction of plaintiffs' current residence. Defendant has filed two preliminary objections to the complaint which are presently before the court for disposition. First, defendant demurs to the cause of action for breach of implied warranty of habitability on the ground that the alleged defects in plaintiffs' home do not render it unfit for habitation. The

second objection is in the nature of a request for a more specific pleading.

In ruling on preliminary objections, we must accept as true every well-pleaded material fact set forth in plaintiffs' pleading as well as all inferences reasonably deducible therefrom. *Powers v. Pa. Department of Health,* 121 Pa. Commw. 321, 550 A.2d 857 (1988), *allocatur denied,* 524 Pa. 636, 574 A.2d 75 (1989). In order to sustain a demurrer, it must appear with certainty that the law will not permit recovery upon the facts as averred. Where there is any doubt as to whether a preliminary objection should be sustained, that doubt should be resolved by denying the objection, *Harkins v. Zamichieli,* 266 Pa. Super. 401, 405 A.2d. 495 (1979).

Plaintiffs allege in their complaint that they contracted with defendant in March 1985 for the purchase of a lot and construction thereon of a three-bedroom ranch style home. Construction was completed on or about July 3, 1985. In paragraph 9 of their complaint, plaintiffs detail 31 construction defects in their home, including a defective and unstable rear wood deck, sidewalk subsidence, cracking in foundation/basement walls, constructing bearing walls with excessive space between studs, defective caulking at windows and doors and failure to use treated lumber for basement framing and below grade construction in the garage. It is further alleged that a drainage swale constructed by defendant on the property is prone to flooding during normally heavy rains and threatens to cause water damage to plaintiffs' home. Plain-

tiffs contend that the numerous defects in their home constitute a violation of defendant's duty to construct the home in a workmanlike manner and a breach of the warranty of habitability implied in the construction contract.

Before turning to the merits of defendant's demurrer to the complaint, we will address defendant's contention that the contract between the parties to this action (which is incorporated by reference into the complaint), does not comport with the allegation in paragraph 3 of the complaint that defendant agreed to sell a lot and build a home on that lot for plaintiffs. Defendant contends that the contract technically provides only for the sale of a vacant lot for the purchase price of $64,000.[*]

Although the contract is inartfully drafted, we conclude that a fair reading of its terms as a whole evidences defendant's intent to sell both the parcel of land *and* the home to be constructed thereon for the purchase price of $64,000. We observe that the contract provides for defendant to "trade in the property presently owned by Eugene W. and Cynthia A. Krugh on the *house to be built* described above." (emphasis added) The contract also includes the following notation: "Contract price of

---

[*] The first paragraph of the contract reads, pertinently, as follows: "Witnesseth that sellers agree to sell to buyers who agree to buy from sellers at and for the sum or purchase price of $64,000 all that certain piece or parcel of land lying and being situate in the borough of Chambersburg, Franklin County. Being more fully described as Lot no. 22, section 'A,' on a plan of lots entitled 'Laurich Meadows....' Improved thereon with a ranch type house having living room, kitchen, dining area, one bath, three bedrooms, exposed full basement and a two-car garage."

house being const.—$64,000." We, accordingly, find that the contract does comport with the averment set forth in paragraph 3 of the complaint.

The gravamen of defendant's demurrer is that the alleged defects in plaintiffs' home are not sufficiently serious to give rise to a cause of action for breach of an implied warranty of habitability. The leading Pennsylvania case dealing with implied warranties in housing construction is *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972). The court held in *Elderkin* that: "the builder-vendor impliedly warrants that the home he has built and is selling is constructed in a reasonably workmanlike manner and that it is fit for the purpose intended—habitation." *Id.* at 128, 288 A.2d at 777.

The trend toward a recognition of implied warranties of good workmanship and habitability is founded on the realization that:

"[A]s between the builder-vendor and the vendee, the position of the former, even though he exercises reasonable care, dictates that he bear the risk that a home which he has built will be functional and habitable in accordance with contemporary community standards." *Elderkin*, 447 Pa. at 128, 288 A.2d at 777.

It was concluded in *Elderkin* that the warranty of habitability had been breached by the builder's failure to provide the home involved with drinkable water.

More recently, our Superior Court had occasion to analyze the limits of the implied warranties of workmanship and habitability. The court in *Groff v. Pete Kingsley*

670

*Building Inc.,* 374 Pa. Super. 377, 543 A.2d 128 (1988), *appeal dismissed,* 523 Pa. 421, 567 A.2d 1041 (1990), found that a cause of action for breach of implied warranties was not barred by the fact that the home builder was not also the seller of the property on which the home was constructed. We note that the structural problems alleged in *Groff* were similar to some of those involved in the matter sub judice. Specifically, the Groffs alleged that the basement walls and floor of their home had developed large cracks, that abnormally large drywall cracks had developed in the house and that the front stoop/door area and French doors were misaligned. The court's ruling in *Groff,* however, did not directly address the issue of whether the defects claimed by the homeowners were sufficient to establish a breach of the implied warranties of habitability and good workmanship.

A review of the complaint filed in this matter reveals that plaintiffs do not allege that their home is uninhabitable, but rather, that the enumerated defects, "seriously detract from the value of plaintiffs' home, and will require the expenditure of many thousands of dollars to correct." (Plaintiffs' complaint, paragraph 12).

Defendant argues that the failure of plaintiffs to allege that their home is unlivable is fatal to their cause of action. We disagree.

In *Gallagher v. White Rock Inc.,* 21 D.&C.3d 106 (1981), this court recognized that the warranty of habitability should not be so strictly construed as to require that a dwelling be deemed unlivable. Instead, it was concluded that an alleged defect must present a major

impediment to habitation in order for the implied warranty to become applicable. The materiality of the breach, however, is a question of fact to be determined by the trier of fact on a case-by-case basis. *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979).

We believe that a number of defects catalogued in plaintiffs' complaint are sufficient to survive challenge by a demurrer and to raise a question of fact as to whether the implied warranty of habitability has been breached. By way of example, allegations of an unstable rear wood deck, sidewalk subsidence, dangerously weak garage walls, use of untreated lumber in below grade construction, and defective window/door caulking could, if proven at trial to be of a sufficiently serious magnitude, be found to violate the warranty of habitability. Moreover, plaintiffs' complaint alleges not only a breach of the implied warranty of habitability, but also alleges a breach of the closely related, but somewhat less demanding, warranty of good workmanship.

Our research of the case law in this area has led us to conclude that two distinct implied warranties, one of good workmanship and one of habitability, are applicable to the sale of a new home by a builder-vendor. The court in *Elderkin* was concerned primarily with the warranty of habitability, but did note early recognition in Pennsylvania of the concept of an implied warranty of good workmanship in the cases of *Stewart v. Trimble,* 15 Pa. Super. 513 (1901), (defective material and workmanship in plastering and drainage alleged), and *Rabb v. Beatty,* 96 Pa. Super. 574 (1929), (recovery permitted

for cracked walls). The court further observed that good workmanship does not require building perfection "but must be viewed as meaning reasonable under the circumstances." *Elderkin,* 447 Pa. at 123, n.13, 288 A.2d at 776, n.13. Other jurisdictions have similarly construed the implied warranty to require builders to meet the standards of workmanlike quality then prevailing at the time and place of construction. *Gaito v. Auman,* 327 S.E.2d 870 (N.C. 1985); *Shiffers v. Cunningham Shepherd Builders Co.,* 470 P.2d 593 (Colo. App. 1970); *Vernali v. Centrella,* 28 Conn. Supp. 476, 266 A.2d 200 (1970). We believe the allegations set forth in plaintiffs' complaint are, as a whole, sufficient to support a cause of action for breach of the implied warranties of good workmanship and habitability. We will, accordingly, deny defendant's demurrer to the complaint.

Defendant has also moved for a more specific complaint. The basis for this objection is that paragraph 10 of the complaint fails to state with particularity the building practices, codes and regulations which allegedly have been violated by defendant. Plaintiffs concede that a more specific statement is in order and will, accordingly, be granted leave by the attached order to amend their complaint.

## ORDER

And now, February 11, 1991, it is ordered that the defendant's preliminary objection in the nature of a demurrer be denied, and the motion for a more specific pleading be granted.