560 A.2d 268

**The OVERLOOK MEDICAL CLINIC, Silver Oaks Nursing Center and Golden Hill Nursing Home, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 1989.

Decided June 12, 1989.

Reconsideration Granted July 25, 1989.

Charles O. Barto, Jr., Harrisburg, for petitioners.

Ruth Granfors, Chief Counsel, Carol Brayshaw Longwell, Asst. Counsel, Harrisburg, for Com. Dept. of Health.

Andrew S. Gordon, Buchanan Ingersoll. Professional Corp., Harrisburg, for Castle Manor Properties Associates.

Before CRUMLISH, Jr., President Judge, McGINLEY (P.), J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Overlook Nursing Center[1] (Overlook) appeals a State Health Facility Hearing Board (Board) order granting the motion to strike filed by Castle Manor Properties Associates (Castle Manor), the intervenor in this appeal. We reverse and remand.

Castle Manor filed an application for a Certificate of Need to construct a seventy-eight bed subacute, skilled and intermediate care facility. Notice of the application was properly published and Overlook, an operator of similar health care facilities in the area, submitted written requests to become an "affected party" to the proceedings. At the public hearing, representatives of Overlook testified in opposition to the proposal. The Department of Health (Department) subsequently approved Castle Manor's application and Overlook appealed. Upon reviewing Castle Manor's motion to strike the appeal, the Board concluded that Overlook did not have standing because its members did not file specific objections to Castle Manor's application within the statutorily prescribed time.

Section 703(a) and (b) of the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. § 448.703(a), prescribes the procedures by which notice of completed Certificate of Need applications is to be given. Once notice is properly effected, Section 703 provides that

*[d]irectly affected persons may file objections within 15 days of such publication with the local health systems agency* setting forth specifically the reasons such objec-

1. Trading as Overlook Medical Clinic, Silver Oaks Nursing Center and Golden Home Nursing Home.

tions were filed. Persons filing the objections shall be parties to the proceeding, unless and until such objections are withdrawn.

(b) *Affected persons* may request a public hearing or the health systems agency may require a public hearing during the course of such review. Fourteen days written notice of the hearing shall be given to affected persons in the same manner as a notice of a completed application is provided in subsection (a). In the hearing, any person shall have the right to be represented by counsel and to present oral or written arguments and relevant evidence. Any person directly affected may conduct reasonable questioning of persons who make relevant factual allegations. A record of the hearing shall be maintained. (Emphasis added.)

■ Overlook initially contends that the Board erroneously limited party status to only those "directly affected persons" who had become "parties to the proceeding" by filing specific objections prior to the hearing. Additionally, Overlook maintains that its member facilities are adversely affected parties who timely filed objection letters to Castle Manor's application, actively participated in the administrative hearing, and thus have standing under Sections 703 and 506(a) of the Act.[2]

Section 703, governing notice and hearings on CON applications, distinguishes between "affected persons" and "directly affected persons" in determining party status.[3] *"Directly* affected persons" who file timely and specifically pleaded objections are deemed parties to the proceeding. Section 703(a). "Affected parties" are permitted to actively participate at the hearing though party status is not expressly conferred. Section 703(b). Review of the definitional section of the Act, Section 103, 35 P.S. § 448.103, reveals a slight difference between the two terms. "Affected persons" does not include health care facilities or health maintenance organizations which formally indicated an in-

**2.** 35 P.S. § 448.506.
**3.** Section 103 of the Act, 35 P.S. § 448.103.

tention to provide a similar service prior to the applicant's application. The definition of "persons directly affected" conversely excludes health systems agencies in the same or contiguous health service areas.

Jurisdiction over appeals from Department decisions on CON applications lies with the Board, Section 502 of the Act, 35 P.S. § 448.502, and such appeals are governed by Section 506 of the Act,[4] which allows *any party* or health systems agency *who is involved in the* Department's *proceeding* to appeal that decision within 30 days.

It is not surprising that confusion results from the attempt to apply the fine distinctions between "affected persons" and "directly affected persons" to the very broad criterion set forth in Section 506 for standing to appeal. These distinctions are not determinative here, however, because Overlook, a competing health care facilities operator, fits within either definition and was certainly "involved in the proceeding."

However, upon close examination, it is apparent that the General Assembly intended to limit *party* status at the public hearing stage to allow the Department or appropriate health systems agency [5] to receive evidence and hear objections in an efficient and orderly manner. This limitation comports with the appellate doctrine that only those issues specifically preserved will be reviewed on appeal.

 In this case, the Board reasonably interpreted the Section 703 definition of "party" to limit standing to those who have filed objections within fifteen days of notice of a completed Certificate of Need application. This interpreta-

---

**4.** Section 506(a) of the Act, 35 P.S. § 448.506, provides:
 **§ 448.506. Appeals to the hearing board**
 (a) Decisions of the department on an application for a certificate of need or amendment thereto may be appealed within 30 days *by any party* or health systems agency *who is involved in the proceeding.*
(Emphasis added.)

**5.** The functions of conducting a public hearing on a CON application is delegated to the appropriate health system agency unless the Department and the agency agree otherwise. Section 704(a) of the Act, 35 P.S. § 448.704(a).

tion, however, should not serve to disqualify Overlook, which endeavored to comply with the confusing and technical statutory provisions. Overlook, through its member facilities, specifically, and in writing, requested "affected party" status, actively participated at the public hearing on Castle Manor's application, and stated its objection on the hearing record. While Overlook's initial correspondence did not contain specific objections as required under Section 703(a), we will not in this circumstance allow this defect to defeat its right to appeal under Section 506.[6]

Accordingly, we reverse the Board's order and remand for further proceedings in which Overlook may exercise its appeal rights under the Act.

## ORDER

The order of the State Health Facility Hearing Board, No. CN 88–017 dated November 15, 1988, is reversed and the matter is remanded to allow petitioners an opportunity to exercise their right to appeal under the Act.

Jurisdiction relinquished.

---

6. We emphasize that this decision is limited to the circumstances of this case, which, in the absence of appellate authority interpreting these provisions, compel the result required. In light of our disposition, we need not address Overlook's remaining contentions.