564 A.2d 535

**IFIDA HEALTH CARE GROUP, LTD., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided Sept. 15, 1989.

Reargument Denied Nov. 3, 1989.

Carl B. Cooper, Office of Carl E. Singley, with him, Richard B. Capalli, for petitioner.

Carol Brayshaw Longwell, Asst. Counsel, with her, Darius G.C. Moss, Asst. Counsel, and Ruth E. Granfors, Chief Counsel, for respondent.

Jan L. Weinstock, with her, Reed Hamilton, Blank, Rome, Comisky & McCauley, for intervenor, Diversified Health Services.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by the IFIDA Health Care Group, Ltd., (IFIDA) from an order of the State Health Facility Hearing Board (Board) dismissing IFIDA's appeal on the basis that it lacked standing to appeal to the Board.

The instant matter began on November 6, 1987 when Diversified Health Services (Diversified) filed an application for a Certificate of Need (CON) proposing to develop a 120 bed long-term care facility in Delaware County, Pennsylvania. On March 4, 1988, the Department of Health (Department) published a notice of completed CON application in a Delaware County newspaper and on March 5, 1988 the Department published a similar notice in the *Pennsylvania Bulletin.* These notices advised that any "affected person" could request a public hearing on the project and that all requests were to be made to the Department in writing

within fifteen days of the notice. IFIDA owns long-term care facilities in Montgomery and Delaware Counties. By letter to the Department dated March 8, 1988, IFIDA declared itself an "affected party" with respect to the CON application and requested a hearing.[1]  On May 4, 1988 a public hearing was held and IFIDA testified through a legal representative at the hearing in opposition to Diversified's project.  Then on May 17, 1988 IFIDA submitted to the Department a written version of the testimony that had been orally presented.  On June 6, 1988 the Department approved Diversified's CON application.  On July 1, 1988, IFIDA filed a timely appeal from the Department's decision with the Board.  Diversified and the Department then filed a motion to strike the appeal before the Board contending that IFIDA lacked standing to appeal.  The Board agreed and granted the motion to strike.  It is the order granting the motion to strike and, hence, denying the appeal which is presently before us.

Pursuant to Section 506(a) of the Health Care Facilities Act[2] (Act), 35 P.S. § 448.506(a), which concerns itself with appeals to the Board, "Decisions of the department on an application for a certificate of need or amendment thereto may be appealed within 30 days by any *party* or health systems agency *who is involved in the proceeding* " (emphasis added).  The word "party" is not defined in the Act. The Board, to determine party status, relied on Section 703(a) of the Act, 35 P.S. § 448.703(a), and concluded that IFIDA was not a party.  Section 703(a) concerns itself with the conduct of hearings and notice of hearings before a health systems agency and pertinently provides:

Notice of completed applications for certificates of need or amendment thereto and of the beginning of review shall be published by the health systems agency in the appropriate news media and by the department in the

1. We note that while the notice advised that "affected *persons* " could request a hearing in accordance with the Act, IFIDA in requesting the hearing wrote that it regarded itself as an "affected party" and asked to be given "the opportunity to participate in said hearing as an affected *party.*"

2. Act of July 19, 1979, P.L. 130, *as amended.*

Pennsylvania Bulletin ... and the health systems agency shall notify all *affected persons* with notice of the schedule for review, the date by which a public hearing must be demanded, and of the manner notice will be given of a hearing, if one is to be held.... *Directly affected persons* may file objections within 15 days of such publication with the local health systems agency setting forth specifically the reasons such objections were filed. *Persons filing the objections shall be parties to the proceeding* unless and until such objections are withdrawn.

(Emphasis added.) There is no dispute that while IFIDA did write to the Department and request a public hearing on the CON application indicating that it viewed itself as an "affected person," it technically did not file objections within fifteen days of the publication of the notice by the Department "setting forth specifically the reasons such objections were filed." [3]

Much of the difficulty that is presented to us stems from the confusion created by the failure of the Act to define "party," yet providing separate definitions for "person," "affected person," and "person directly affected," [4] and then using all four terms within the same section of the Act

3. While the statute directs that objections are to be filed with the local health systems agency, we understand that because the local health systems agency for the Delaware County health service area is no longer in existence, the Department has assumed its responsibilities. *See* 16 Pa.B. 4742 (1986).

4. Section 103 of the Act, 35 P.S. § 448.103, provides the following definitions:
"Person":
    A natural person, corporation (including associations, joint stock companies and insurance companies), partnership, trust, estate, association, the Commonwealth, and any local governmental unit, authority and agency thereof. The term shall include all entities owning or operating a health care facility or health maintenance organization.
"Affected person":
    A person whose proposal is being reviewed for purposes of certificate of need, the health systems agency for the health service area in which the proposed new institutional health service is to be offered or developed, health systems agencies serving contiguous health service areas, health care facilities and health maintenance organizations located in the health service area which provide

extending different rights and obligations. We little wonder at the Board's confusion and its difficulty in sorting out the intent of the Legislature.

■ The Board has interpreted Section 703(a) to mean that the only way one can become a party for purposes of filing an appeal with it under Section 506(a) is first to file objections within fifteen days of the publication of notice, that is, to file objections before the hearing even takes place. Respectfully, we must disagree with the Board's conclusion. While Section 703(a) does set forth *a* manner in which one can become a party, nothing in that Section purports to suggest that this is the only way in which one could become a party.[5] Nor does the language of Section 703(a) suggest that somehow it sets forth certain preliminary requirements which must be complied with before an entity may appeal pursuant to Section 506(a) of the Act.

institutional health services, and those members of the public who are to be served by the proposed new institutional health services and those agencies, if any, which establish rates for health care facilities and health maintenance organizations located in the health systems area in which the proposed new institutional health service is to be offered or developed.
"Persons directly affected":
   A person whose proposal for certificate of need is being reviewed, members of the public who are to be served by the proposed new institutional health services, health care facilities and health maintenance organizations located in the health service area in which the service is proposed to be offered or developed which provide services similar to the proposed services under review, and health care facilities and health maintenance organizations which prior to receipt by the agency of the proposal being reviewed have formally indicated an intention to provide such similar service, in the future and those agencies, if any, which establish rates for health care facilities and health maintenance organizations located in the health systems area in which the proposed new institutional health service is to be offered or developed.
   A health systems agency located in a contiguous service area would be a "person" and an "affected person," but would not be a "person directly affected." An HMO, which is "noninstitutional," but which has formally indicated an intention to provide a similar service as the CON applicant, but sometime in the future, would be a "person directly affected," but not necessarily an "affected person."

5. We hold that *Powers v. Department of Health*, 121 Pa. Commonwealth Ct. 321, 550 A.2d 857 (1988), suggests nothing to the contrary.

■ In the instant case, IFIDA complied with the directions in the notice provisions which appeared in the *Pennsylvania Bulletin.* That is, it wrote a letter to the Department indicating that it viewed itself as an affected party under the Act and requested a public hearing. It then attended the hearing and presented evidence. The Board contends that in addition to these actions it also should have filed formal written objections within fifteen days of the notice requirement before the hearing took place. But, the notice the Department caused to be published merely indicated that Diversified proposed "to construct a new 120 long term care bed [sic] nursing home in Delaware County at an estimated cost of $5,714,704." The CON application, which is itself a lengthy document totalling 115 pages, was not published as part of the notice.[6] We thus fail to see how the one sentence substantive statement appearing in the published notice gives sufficient information to a competitor, such as IFIDA here, to allow it to file meaningful objections. This is particularly true when the fifteen day time limitation is considered along with the fact that competitors such as IFIDA are not given a copy of the CON application. Therefore, we believe that the Department's reading of the Act is unduly restrictive and unreasonable. We may, of course, presume that the legislature did not intend an absurd result. *See* Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). We recognize that the Department argues that objections should be presented to it as early as possible so that all input can be considered and a prompt determination on the CON made. We agree that early input is desirable, but believe that if it is offered at the public hearing this is soon enough for the information to be seriously considered.

Considering the absence of a definition of the word "party" in the Act, we believe that the appropriate place to turn for guidance is 2 Pa.C.S. § 101, the definitional section for general administrative agency matters. Therein we are told that a "party" is "any person who appears in a proceed-

6. The CON application is sent to the Department.

ing before an agency who has a direct interest in the subject matter of such proceeding." Certainly, in this instance IFIDA meets all the criteria of that definition. It attended the hearing, participated actively therein, and as a competitor has a direct interest in this subject matter. It is, by definition under the Act, a "person," an "affected person," and a "person directly affected." Thus, we believe that it must be considered a party under Section 506(a) and, therefore, that it has standing to appeal to the Board.[7]

There are other reasons why the Board's position is untenable. Section 703(a), upon which it relies so heavily, applies by its own terms to hearings before a *health systems agency.* The Department concedes that it has assumed the responsibility for conducting hearings where, as here, the health systems agency is no longer in existence. Section 704 of the Act, 35 P.S. § 448.704, addresses the process where the *Department,* rather than a health systems agency, conducts the hearing. Subsection (a) of Section 704 provides as follows:

> The function of holding a public hearing is hereby delegated to the appropriate HSA unless the department and the HSA agree otherwise in writing in a particular case. If a public hearing has been held by the health systems agency, no hearing shall be held by the department in reaching its final decision. If there has been no provision for such hearings before the health systems agency, the department shall provide notice of a public hearing and conduct that hearing *in accordance with the provisions of section 703(b).*

(Emphasis added.) We note that section 704(a) is very precise in directing that the Department conduct the hearing in accord with subsection 703(*b*); it does not mention subsection 703(a), nor does it refer to Section 703 generally.

---

**7.** We emphasize that our holding is limited. We do not suggest that anyone presenting evidence at the hearing would have a "direct interest in the subject matter" within the intendment of Section 101 so as to entitle him or her to appeal rights. Here we are talking about a competitor health care facility in the health service area which actively participated in the hearing.

Therefore, we hold that subsection 703(*a*) is inapplicable to this case. It is, however, that subsection which the Department uses, or rather interprets, as limiting party status only to "persons filing objections." Such a literal interpretation, of course, would mean that any "person," even a disinterested member of the public who filed a general objection, would be granted party status, while a "directly affected person" who participated in the proceedings throughout—but who failed to file prehearing, predecision objections—would be denied party status. We must reject this notion.

Finally, Section 506(a) of the Act, in addition to requiring a party who is involved in the proceeding to appeal to the Board within 30 days, also pertinently states:

> The appeal to the hearing board ... shall be limited to issues raised by the appellant in the specification of objections to the *decision* of the department which shall raise no further issues not brought to the attention of the health systems agency or the department, and the board shall entertain no evidence that the hearing board is satisfied the appellant was able, by the exercise of reasonable diligence, to have submitted before the health systems agency and the department.

If we were to adopt the Board's restrictive definition of party status to only those persons who filed written objections to the notice of a completed *application* for a CON, what possible relevance could such mere general "objections" have? Those objections *would* be filed *before* the hearing is conducted; and the Board's decision, of course, would be reached only *after* the hearing. Since the issues on appeal would be limited by Section 506(a) to only those "raised by the appellant in the specification of objections to the *decision* of the department," there would be created the most unorthodox appeal process imaginable, to wit, party status limited to those who objected *before* the Department's decision, and the issues limited to those interposed *after* the decision was made. A more unorthodox, complicated and convoluted appeal process is not imaginable.

Based upon the foregoing discussion, the order of the Board is reversed and the case is remanded to the Board to consider the appeal.

## ORDER

NOW, September 15, 1989, the order of the State Health Facility Hearing Board in the above-captioned matter is hereby reversed and this case is remanded to the Board with directions that it consider IFIDA's' appeal on the merits.

Jurisdiction relinquished.

BARBIERI, Senior Judge, dissenting.

Most respectfully, I must dissent since I disagree with the majority's interpretation of the legislation concerning procedures on applications for Certificates of Need. Section 703(a) of the Act, 35 P.S. § 448.703(a) I believe clearly defines who may be a "party" and the status of a party with standing to appeal. Such "party" status with standing to appeal is limited to those "directly affected" persons, who achieve party status under the statutory provision by filing objections setting forth the reasons for such objections, within fifteen days after the required publication of the CON application. The obvious reason for this view, as I see it, contrary to the majority, is that the request for a hearing is inadequate to provide the basis for a party type litigation because the Department, absent specifications of objections, is without any idea as to what issues it may be called upon to approve or reject, or even how to prepare for such a hearing. The objections required to be filed within fifteen days are for the purpose of giving the Department an opportunity to make a judgment on the validity of the objections, or to prepare to meet them during the proposed hearing. To file the objections after the hearing is certainly not the intention of the Legislature, since this puts the Department at a critical disadvantage in the proposed hearing. I would suspect that there is no such proceeding in which an applicant for a hearing, in order to have the

standing of a party, need not present some averments as to issues it would have come before the hearing authorities.

My conclusion is that the majority would open party status to a much broader range of persons and entities than was intended by the Legislature.

Accordingly, I cannot believe that the Legislature intended that all persons who attended and commented at a public hearing should enjoy party status to appeal. Any person can attend such a public hearing, which is essentially an informational gathering meeting, and present testimony. In passing, I note that in the brief of Intervener it is stated that at the time of the hearing, IFIDA offered no specific objection to the CON project under review by the Department.

Since, in my view, IFIDA failed to achieve party status, I would affirm the order of the State Health Facility Hearing Board.