565 A.2d 834

**The OVERLOOK MEDICAL CLINIC, Silver Oaks Nursing Center and Golden Hill Nursing Home, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1989.

Decided Oct. 30, 1989.

As Amended Nov. 20, 1989.

Petition for Allowance of Appeal Denied June 8, 1990.

Charles O. Barto, Jr., Charles O. Barto, Jr. and Associates, for petitioners.

Carol Brayshaw Longwell, Asst. Counsel, with her, Ruth E. Granfors, Chief Counsel, for respondent.

Andrew S. Gordon, Buchanan Ingersoll, P.C., for intervenor, Castle Manor Properties Associates.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

DOYLE, Judge.

The instant case is before us subsequent to our order of July 25, 1989, granting reconsideration. By order dated June 12, 1989 this Court, in an opinion authored by President Judge Crumlish, 126 Pa. Commonwealth Ct. 466, 560 A.2d 268, (1989), reversed a determination of the State Health Facility Hearing Board (Board) that Overlook Medical Clinic, Silver Oaks Nursing Center and Golden Hill Nursing Home (Petitioners) lacked standing to appeal the grant of a Certificate of Need (CON) by the Department of Health (Department) to Castle Manor Properties Associates (Castle Manor). That determination of lack of standing was based upon Petitioners' failure to file formal written objections to the application of Castle Manor for a CON within fifteen days of a publication notice announcing that the CON application had been deemed complete by the Department and that the project was scheduled to be reviewed by the Department. Our order remanded the case to the Board with directions that it allow Petitioners to exercise their appeal rights under the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. § 448.101–448.904.

Subsequent to the issuance of our order, the Department petitioned for reconsideration. We granted that petition and now reaffirm our prior order but on the basis of the rationale set forth in *IFIDA Health Care Group Ltd. v. Department of Health,* 128 Pa. Commonwealth Ct. 634, 564 A.2d 535, (1989). We held there that where the *Department* conducts a hearing under Section 704 of the Act, 35 P.S. § 448.704, that Section dictates that the appeal procedures set forth in subsection 703(*b*) of the Act, 35 P.S. § 448.703(b), be employed.[1] It does not direct that the

1. Section 704(a) pertinently provides:
    If a public hearing has been held by the health systems agency, no hearing shall be held by the department in reaching its final deci-

confusing appeal procedures appearing in subsection 703(*a*) of the Act be utilized as that subsection concerns situations where a health systems agency, rather than the Department, conducts the hearing. We note that in both *IFIDA* and the instant case the Department conducted the hearing.[2]

The relevant facts here are neither complicated nor disputed. On December 4, 1987 Castle Manor filed an application for a CON with the Department for the construction of a seventy-eight bed, subacute, skilled and intermediate care facility in Lawrence County. On January 29, 1988 the Department published notice in a local newspaper, and on January 30, 1988 in the *Pennsylvania Bulletin,* at 18 Pa. B. 517 (1988), that the CON had been deemed complete and that the Department would review the project. Substantively, the notices stated that "[a]ny affected persons may request a public hearing." [3] The *Pennsylvania Bulletin* notice also indicated that "all requests must be made in writing, within 15 days of this notice...." The notice further advised that it was published in accordance with Section 703(*b*) of the Act 35 P.S. § 448.703(b). The notice said nothing about filing objections, nor did it in any way indicate how persons could become parties.

Each Petitioner here, within fifteen days of the *Pennsylvania Bulletin* notice, sent a letter to the Department seeking to become an "affected *party*" and requested a

sion. If there has been no provision for such hearings, before the health systems agency, the department shall provide notice of a public hearing and conduct that hearing in accordance with the provisions of [sub]section 703(*b*).
(Emphasis added.)

**2.** In *IFIDA* there was no health systems agency in existence for the health care area there under consideration and, thus, the Department held the hearing. We are not informed if that is also the reason why the Department conducted the hearing in this case.

**3.** In their supplemental brief on reargument Petitioners advise us that the Department has altered its notices to include the following statement: *"Directly affected persons,* who wish to file objections (to a CON), must do so by filing with the Department of Health within 15 days of this notice." 19 Pa. B. 3722 (1989) (emphasis added). The propriety of such alteration is, of course, not presently before us.

hearing. Petitioners were advised by the Department of the hearing,[4] which was held on March 31, 1988 and sent representatives who presented testimony and fully participated. Thereafter, on July 7, 1988 the Department mailed notices that Castle Manor's CON had been approved. Petitioners then filed a timely appeal with the Board. The Department and Castle Manor filed motions to strike the appeal on the basis that Petitioners lacked standing to file the appeal because they had not filed objections to the CON application. The Board issued a rule to show cause why the appeal should not be stricken. Petitioners responded to the rule. Subsequent to the filing of memoranda of law on the legal issue, the Board determined that Petitioners did indeed lack standing and dismissed the appeal. Petitioners appealed to this Court. Our November 15, 1988 order then followed and is the subject of the present reconsideration petition.

The legal issue we are asked to reconsider is whether Petitioners had standing to appeal to the Board the grant of the CON by the Department to Castle Manor. The Department and Castle Manor take the position that they do not. They premise their position on a reading of the Act that requires Petitioners to have been "parties" to the proceeding and, as a prerequisite to becoming parties, to have filed specific objections to the CON application after notice was published that Castle Manor's CON application was complete, but *before* a hearing was held. The Department raised the identical legal argument before this Court. We rejected the Department's position there and do so again here.

In *IFIDA* we determined that appeals to the Board from decisions of the Department on CONs may be had by "any party ... who is involved in the proceeding." *See* Section 506(a) of the Act, 35 P.S. § 448.506(a). We observed that "party" was undefined in the Act and hence looked for

4. Notice of the public hearing was also published. *See* 18 Pa. B. 1064 (1988). That notice also referenced Section 703(*b*) of the Act. It, too, said nothing about filing objections nor did it give any information regarding how interested persons could achieve party status.

guidance to the definition appearing in Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101. That Section defines party as "any person who appears in a proceeding before an agency who has a direct interest in the subject matter of such proceeding."[5] Here, as in *IFIDA*, Petitioners are competitors of the group seeking the CON and they attended the Department hearing, participated fully at that level, and had a direct interest in the subject matter of the proceeding.

Also in *IFIDA* we rejected the Department's contention that subsection 703(*a*) of the Act served to define "parties" for purposes of appeal to the Board under Section 506(a). Subsection 703(a) states:

Notice of completed applications for certificates of need or amendment thereto and of the beginning of review shall be published by the health systems agency in the appropriate news media and by the department in the Pennsylvania Bulletin ... and the health systems agency shall notify all affected persons with notice of the schedule of review, the date by which a public hearing may be demanded, and of the manner notice will be given of a hearing, if one is to be held. Notice to affected persons ... shall be by mail.... *Directly affected persons may file objections within 15 days of such publication with the local health systems agency setting forth specifically the reasons such objections were filed. Persons filing the objections shall be parties to the proceeding,* unless and until such objections are withdrawn.

(Emphasis added.) It was based upon the above emphasized portion of this subsection that the Department argued that the failure of *IFIDA* to file objections before the hearing was held prevented it from attaining party status for purposes of appeal to the Board. We rejected this contention when we observed that subsection (a) applies by its very terms only to those hearings conducted by a health

---

5. The dissent in *IFIDA* expressed a concern that we are allowing virtually anyone to appeal to the Board. We point out, however, that we are simply employing the same legal test as is utilized in nearly every other administrative agency case.

systems agency, not the Department. We, thus concluded, by reading Section 704 and its very specific reference to subsection 703(*b*) procedures where the Department conducts the hearing, that it was that subsection which governed appeals such as the instant one. And, subsection 703(b) says absolutely nothing which could lead one to conclude that the filing of objections prior to the hearing is a prerequisite to being able to appeal to the Board.[6]

We also observed in *IFIDA* that Section 703(a) employs the term "party," which the Act does not define, along with the terms "person," "affected person," and "person directly affected," which are defined. · Each term is linked to different rights and obligations creating a morass of statutory confusion.

Further, we observed that under Section 506(a), which governs appeals to the Board, the issues on appeal are to be limited to those which arose *after* the decision by the Department. Of course, the decision of the Department would only be made after the hearings were held and all interested persons were heard. Under such circumstances to compel a protesting entity to file objections *before* the hearing even occurs is rather anomalous if not ludicrous. We opined that such a reading of the Act would create:

> the most unorthodox appeal process imaginable, to wit, party status limited to those who objected *before* the Department's decision, and the issues limited to those interposed *after* the decision was made. A more unorthodox, complicated and convoluted appeal process is not imaginable.

**6.** Subsection 703(b) provides as follows:

Affected persons may request a public hearing or the health systems agency may require a public hearing during the course of such review. Fourteen days written notice of the hearing shall be given to affected persons in the same manner as a notice of a completed application is provided in subsection (a). In the hearing, any person shall have the right to be represented by counsel and to present oral or written arguments and relevant evidence. Any person directly affected may conduct reasonable questioning of persons who make relevant factual allegations. A record of the hearing shall be maintained.

*IFIDA,* 128 Pa. Commonwealth Ct. at ——, 564 A.2d at 539 (emphasis in original).

Finally, we also noted in *IFIDA* that under the *Pennsylvania Bulletin* notice the substantive information on the CON is so general that the filing of meaningful objections would be impossible, especially since the CON application itself is not published and the competitors of the proposed project (such as Petitioners here) are not given a copy of it. We observe that the notice in the instant case stated tersely, "[t]he applicant is proposing to construct a 78-bed subacute skilled and intermediate care nursing home in Lawrence County at an estimated project cost of $4,015,-000." 19 Pa. B. 5127 (1988).

Because we remain convinced that our reasoning in *IFIDA* was correct and in accordance with the legislative intent, and because we believe that our original approach in the instant case, where we suggested that the determination as to standing should turn upon the factual circumstances of a particular case, did not adequately take into account the interplay of the various provisions of the Act, we reaffirm our November 15, 1988 order but on the basis of the reasoning employed in *IFIDA.*[7]

SMITH, J., concurs in the result only.

7. We again note that in its published notice the Department correctly cited to subsection 703(b). Frankly, we cannot understand its stubborn insistence, especially in light of its correct citation to subsection 703(b) in its notice, that subsection 703(a) applies here.

Further, we observe that the Department states in its Petition for Reconsideration:

The panel found that *Overlook* had 'endeavored' to comply with the statute by sending a letter to the Department within 15 days requesting to become an 'affected party.' The Act, however, does not contemplate or provide for any such request, nor is that term even used in the Act. By requesting to be an 'affected party,' *Overlook* was not endeavoring to comply with the statute because the Act has no such requirement.

Department's petition at 2.

The Department's hard line, even arrogant, attitude is not appreciated by the Court considering that the Department *itself* in its letter to Petitioners advising them of the Department's receipt of Castle Manor's completed proposal for the CON application wrote, "[i]f a public hearing is required by any *affected party,* the Department will sched-

## ORDER

NOW, October 30, 1989, the order of this Court entered on November 15, 1988 in the above-captioned matter is hereby reaffirmed.

CRUMLISH, Jr., President Judge, concurring and dissenting.

I concur in the result reached by the majority but, respectfully, dissent because I disagree with the conclusion that one need not file written objections to achieve standing to appeal.

In the opinion accompanying our original filed order, we said that Section 703(a) plainly requires directly affected persons—in this case, competing health care facilities—to file specific objections in order to attain party status which qualifies them as having standing to appeal under Section 506(a) of the Act. There is no doubt that the draftsmanship of the Act's provisions conferring standing, and defining "affected persons" and "directly affected persons," is confusing. In practice, it may impose a difficult burden upon one to file meaningful objections to the general statements contained in a published notice of a CON application.

However, this pleading requirement cannot be so easily dismissed as the majority would allow, inasmuch as the filing of objections permits the Department or appropriate health systems agency to prepare for and efficiently structure a hearing. This limitation on party status and requirement of filing specific objections preserves for review only those issues raised by a party in the underlying proceeding.

As Senior Judge Barbieri so aptly expressed in his dissent to *IFIDA*, the Legislature could not have reasonably intended "that all persons who attended and commented at a

ule and conduct the hearing in accordance with the applicable rules and regulations." (Emphasis added.) It is true that the statutory term is affected *"persons"* and not affected "parties," but if the Department cannot employ the correct legal terminology itself we hardly think that it has any place criticizing others who, presumably, do not have its expertise, from making similar errors.

public hearing should enjoy party status to appeal." Dissenting Op. 128 Pa. Commonwealth Ct. at ——, 564 A.2d at 540.

While I have no quarrel with the majority's result in this particular case, I cannot approve of the blanket abolition of a pleading requirement mandated by the Act. The filing of objections serves the necessary and proper procedural function of ensuring that all issues are clearly joined and adequately noticed before they are decided.

BARRY, J., joins in this concurring and dissenting opinion.