648 A.2d 91

**CENTRAL PENNSYLVANIA MRI, L.P., Harrisburg Hospital and Hospital of the Sisters of Christian Charity, Petitioners,**

v.

**DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1993.

Decided Sept. 6, 1994.

Petition for Allowance of Appeal Denied Feb. 28, 1995.

Charles B. Zwally, for petitioners.

Ruth E. Granfors, Chief Counsel, for respondent.

Edward R. Eidelman, for intervenors.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Central Pennsylvania MRI, Harrisburg Hospital, and the Hospital of the Sisters of Christian Charity (Petitioners) appeal a determination of nonreviewability issued by the Department of Health (Department) regarding six magnetic resonant imaging (MRI) centers, which determination was decided in a settlement agreement negotiated between the Department and ZP Investments, Inc., Wyoming Valley Physicians Imaging Center, L.P., Yonas Zegeye, M.D., Hirut Sheleshi–Zegeye, Peter J. Karoly, and Lauren B. Angstadt (Intervenors). Also before us is the Intervenors' motion to quash this appeal.

The genesis of this case was a dispute between the Intervenors and the Department concerning whether six MRI centers being developed by the Intervenors were subject to certificate of need (CON) review under the Health Care Facilities Act (Act).[1] That dispute was unusually difficult to resolve because, while the Act was amended in 1992[2] (the December 1992 amendments) to require CON review for MRI facilities such as the facilities operated by the Intervenors, the Intervenors had executed contracts to purchase the MRI equipment in November of 1992 prior to the effective date of those amendments. The Act, as it existed in November of 1992, did not require CON review for the Intervenors' expansion project. Although the Department had initially determined that CON review was required, the Intervenors and the Department negotiated a settlement in which they agreed that the Intervenors' MRI projects were not subject to CON review, which settlement served as a determination by the Department that the MRI projects were nonreviewable under the Act. This appeal is an attempt by the Petitioners, who are business competitors of the Intervenors, to challenge that settlement agreement.

1. Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. §§ 448.101–448.904. The term "certificate of need" is defined as a "notice of approval issued by the department under the provisions of this act" of proposals to develop or establish new institutional health services in the Commonwealth. Section 103 of the Act, 35 P.S. § 448.103; 28 Pa. Code § 401.1 and § 401.2.

2. Act of December 18, 1992, P.L. 1602.

The relevant facts are as follows. The Department first became aware that the Intervenors were developing an additional MRI center on January 28, 1993, when an established provider of MRI services in Wilkes–Barre, Pennsylvania, notified the Department that the Intervenors were planning to place an MRI center in its service area. In that notification, it was alleged that the Intervenors never notified the Department of their intent to build the new center nor inquired of the Department whether a CON was required or not for the proposed MRI center. In light of the preceding information, the Department initiated an investigation of the proposed MRI center in order to determine whether the project was subject to CON review.

On April 12, 1993, the Petitioners notified the Department that the Intervenors were developing another MRI center in Camp Hill, Pennsylvania. Thereafter, as part of its continuing investigation of the Intervenors, the Department asked the Intervenors to provide it with invoices relating to the purchase of its MRI equipment. The Intervenors provided the Department with correspondence from Resonex, Inc., showing the terms and conditions for the sale of six MRI systems to the Intervenors, including the Camp Hill and Wilkes–Barre facilities; the Department thus discovered that the Petitioners were in the process of developing not one or two, but six MRI facilities.

On May 14, 1993, the Department issued a determination of reviewability stating that all six MRI projects were subject to CON review. The Intervenors filed an appeal with the Department to reconsider its determination of reviewability and the Petitioners advised the Department that they wished to participate in the proceedings as interested parties. Thereafter, the Department initiated settlement negotiations with the Intervenors and, on June 22, 1993, the Department and the Intervenors executed a settlement agreement. The settlement agreement provided the following: (1) the Department's determinations of reviewability were voided; (2) the settlement agreement would constitute a determination of nonreviewability with regard to the Intervenors six MRI projects;

and (3) the Intervenors would pay a $36,000 fine for failing to comply with the notice provisions under the Act. In the settlement agreement the Department agreed that, while the 1992 amendments required CON review for all clinically related health services, the Intervenors' MRI centers were not reviewable under the Act as it existed before those amendments. The Department indicated in the agreement that the old Act applied in this case, since the Intervenors, *inter alia,* entered into contracts to purchase MRI equipment in November of 1992, before the December 1992 amendments went into effect. This appeal by Petitioners followed.

The Petitioners raise the following issues for our review: (1) whether the Department could reverse a determination of reviewability without complying with the procedures for reconsideration under the Act; (2) whether the Department could negotiate a settlement in which it reconsidered its determination of reviewability, when an appeal of that determination was pending; (3) whether the Department had the authority to enter into the settlement agreement, when the December 1992 amendments to the Act require CON review; (4) whether the Department erred applying the Act, as it existed before the December 1992 amendments, when the Intervenors made no commitment to purchase equipment before the effective date of the amendments and failed to provide notice to the Department; and (5) whether the Department deprived the Petitioners of due process by settling the case before the Petitioners could participate in the appeal.

Before we reach the substantive issues raised by the Petitioners, however, we must first address the Intervenors' motion to quash the appeal. The Intervenors assert that the Petitioners, who are business competitors, lack standing to appeal a determination of nonreviewability by the Department. In support of their argument, Intervenors rely on our decisions in *Powers v. Department of Health,* 121 Pa.Commonwealth Ct. 321, 550 A.2d 857 (1988), *petition for allowance of appeal denied,* 524 Pa. 636, 574 A.2d 75 (1989) (*Powers I* ), and *Powers v. Department of Health,* 131 Pa.Commonwealth Ct. 469, 570 A.2d 1350 (1990) (*Powers II* ).

In *Powers I,* we held that business competitors do not have standing to appeal determinations of nonreviewability made by the Department, because nothing in the Act grants competitors the right to appeal such determinations. The *Powers I* Court viewed a determination of nonreviewability to be a preliminary inquiry, similar to a private letter ruling issued by the Internal Revenue Service, which gives no rights to third parties such as business competitors. In reviewing the Act, we recognized that, because the Act did not require that competitors be given any notice of the Department's preliminary inquiry, the Act did not confer on business competitors the right to appeal a determination of nonreviewability. We further stated in *Powers I* that the purpose of the Act was to foster competition and that such purpose would be promoted by denying competitors standing to appeal determination of nonreviewability.

In *Powers II,* we reaffirmed our decision in *Powers I* and further held that, even if a competitor is granted intervenor status by the Department, a competitor nevertheless lacks standing to appeal. We reasoned that intervenor status did not give a competitor a direct interest in a determination of nonreviewability, since intervenor status does not constitute an admission by an agency that the intervenor has such a direct interest in the proceedings. 1 Pa.Code § 31.3.

Petitioners appear to concede that, under the Act as it existed prior to the December 1992 amendments, they would not have standing under our decisions in *Powers I* and *Powers II* to appeal the order which is now in question. Petitioners argue, however, that the December 1992 amendments apply to this case, and assert that those amendments substantially changed the Act. They advance the argument that as a result of those amendments, the General Assembly overruled *Powers I* and *Powers II;* therefore, they now have standing to appeal the Department's determination of nonreviewability.

The Petitioners point to the General Assembly's elimination

from the Act of the terms "affected person"[3] and "directly affected person,"[4] and the replacement of those terms or categories with the terms "interested person" and "person expressing an interest." The terms "interested person" and "person expressing an interest" are both defined in a single paragraph in amended Section 103 as follows:

> For the purposes of Chapter 7 of this act [which pertains to certificates of need], a member of the public who is to be served by the proposed new health service in the area to be served by the applicant, a health care facility or health maintenance organization or any health care provider providing similar services in the area to be served by the applicant or who has received a certificate of need to provide services in the area to be served by the applicant or who has formally filed with the department a letter of intent to provide similar services in the area in which the proposed service is to be offered or developed and any third party payor of health services provided in that area who provides written notice to the department that the person is interest-

---

**3.** Section 103 of the Act, 35 P.S. § 448.103, defined the term "affected person" as follows:

A person whose proposal is being reviewed for purposes of certificate of need, the health systems agency for the health service area in which the proposed new institutional health service is to be offered or developed, health systems agencies serving contiguous health service areas, health care facilities and health maintenance organizations located in the health service area which provide institutional health services, and those members of the public who are to be served by the proposed new institutional health services and those agencies, if any, which establish rates for health care facilities....

**4.** "Persons directly affected" was defined in Section 103 as:

A person whose proposal for certificate of need is being reviewed, members of the public who are to be served by the proposed new institutional health services, health care facilities and health maintenance organizations located in the health service area in which the service is proposed to be offered or developed which provide services similar to the proposed services under review, and health care facilities and health maintenance organizations which prior to receipt by the agency of the proposal being reviewed have formally indicated an intention to provide such similar service in the future and those agencies, if any, which establish rates for health care facilities and health maintenance organizations located in the health systems area....

ed in a specific certificate of need application before the department.

The Petitioners claim that, because they are health care providers providing similar services in an area to be served by an applicant, they fall into the above definition of interested persons. Interested persons, Petitioners argue, have a "beneficial interest" in the entire CON review process under Chapter 7 of the Act. As interested persons, they assert that they have standing to appeal a determination of nonreviewability, since a party filing a letter of intent [5] is referred to as an "applicant" in the above definition and the use of the word applicant indicates that a CON review begins, under the December 1992 amendments, when a letter of intent is filed with the Department.

In addition, the Petitioners rely upon Section 702(a) of the Act, 35 P.S. § 448.702(a), which reads as follows:

> Projects requiring a certificate of need shall, at the earliest possible time in their planning, be submitted to the department in a letter of intent in such detail advising of the scope and nature of the project as required by regulations. Within 30 days after receipt of the letter of intent, the department shall inform the applicant providing the letter of intent whether the proposed project is subject to a certificate of need review or if additional information is required to make that determination. If the department determines that the project is subject to a certificate of need review, the project shall be subject to the remaining provisions of this act.

In the view of the Petitioners, Section 702(a) of the Act demonstrates that determinations of nonreviewability are recognized by the Act and, because the Department is required to issue determinations of nonreviewability within thirty days of its receipt of a letter of intent, such decisions are part of the CON process and are appealable by interested parties.

5. A letter of intent is a notice sent to the Department describing an institutional health care project; the Department uses the letter of intent to determine whether a project is subject to CON review. 28 Pa.Code § 401.5(a).

The parties, by brief and by argument, are in locked dispute over whether the new amendments to the Act are applicable to this case. However, even assuming *arguendo* that the new amendments do apply to the instant case, and that the Petitioners qualify as interested persons under the 1992 amendments, we still find that the Petitioners do not have standing to appeal the Department's determination of nonreviewability.

 Our review of Section 702(a) of the Act and the other amendments found in Chapter 7 of the Act, reveals no clear language granting interested persons the right to appeal decisions of nonreviewability; nor does our review of the entire statute lead us to conclude that such a right is implied in the penumbras of those amended sections of the Act. Most important, the General Assembly did not include in Section 702(a), or in any other of the new amendments, language requiring that competitors be provided with notice that the Department is engaged in a preliminary inquiry involving a letter of intent. Hence, we must conclude, as we did in *Powers I*, that the legislature did not intend to confer on business competitors the right to challenge the preliminary inquiry.[6] Further, the General Assembly retained in Section 202 of the Act, 35 P.S. § 448.202, the obligation of the Department to foster competition in the health care industry, a major factor underlying our conclusions in *Powers I* and *Powers II* that competitors do not have standing to appeal determinations of nonreviewability.

 Moreover, in Section 506 of the Act, as amended, 35 P.S. § 448.506, the General Assembly amended the Act to include explicit language permitting interested persons to appeal to the State Health Facility Hearing Board a "decision of the department on an application for a certificate of need or amendment thereto or a *determination of reviewability . . . .*"

---

**6.** Once it has been determined that a project is subject to CON review, the Department is required under Section 704 of the Act, 35 P.S. § 448.704, to publish notice in the news media and the Pennsylvania Bulletin that it is beginning review of a CON application. At that point, interested parties may request a public hearing and become involved in the CON review process.

(Emphasis added.) A determination of reviewability, which is a decision that a project *is* subject to CON review, is distinct from a determination of nonreviewability, which is a preliminary decision that CON review *is not* required.[7] *Powers I*; *Southern Chester County Medical Center v. Department of Health*, 90 Pa.Commonwealth Ct. 284, 494 A.2d 885 (1985); 28 Pa.Code § 401.5(a). The General Assembly's decision not to include in Section 506 explicit language allowing interested parties to appeal determinations of nonreviewability plainly contradicts the Petitioners' claim that under the Act interested persons now have a right to appeal a determination of nonreviewability.

 In light of the above, we must conclude that, under the amended version of the Act, *Powers I* and *Powers II* remain the law, and, therefore, the Petitioners, as competitors of the Intervenors, do not have standing to appeal the Department's determination of nonreviewability. Accordingly, we will grant Intervenors' motion to quash this case for lack of standing.

## ORDER

NOW, September 6, 1994, the motion to quash the petition for review in the above-captioned matter is granted. The petition for review is hereby quashed.

---

7. In the Act, the General Assembly distinguishes determinations of reviewability from determinations of nonreviewability. Specifically, Section 201 of the Act, 35 P.S. § 448.201, states that the Department has the power to "issue determinations of reviewability or nonreviewability of certificate of need proposals."